UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY D. HARVEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14-CV-01663-JAR |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Rodney D. Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Government has responded. (Doc. 15.) Petitioner had filed a Traverse. (Doc. 23.) For the following reasons, Petitioner's petition is **DENIED** and this action is **DISMISSED with prejudice**.

### I. Introduction and Background

In 2010, following a bench trial, Petitioner was convicted of first-degree robbery, armed criminal action, unlawful possession a firearm, and possession of a controlled substance. (Resp. Ex. B at PageID #: 130-34.) At the sentencing hearing, the trial court announced concurrent terms of thirty years for the robbery, thirty years for the armed criminal action, fifteen years for the gun charge, and fifteen years for the drug charge. (*See* Resp. Ex. E at PageID #: 208.) The written judgment was the same except that it listed a thirty-year sentence for the drug crime. (Resp. Ex. B at PageID #: 130-34.)

On appeal, Petitioner advanced two arguments. (Resp. Ex. C.) First, he asserted that he was deprived of his Sixth Amendment right to trial by jury because his waiver was induced by several misleading statements made by the judge. (*Id.* at PageID #: 158-67.) Second, Petitioner

asserted that the trial court erred in imposing a written sentence that conflicted with its oral pronouncement. (Resp. Ex. C at PageID #: 168-71.) The Missouri Court of Appeals rejected Petitioner's first argument on the merits, but granted relief on the second and modified the trial court's judgement of sentence, holding that, "[i]f there is a material difference between the written judgment and the oral pronouncement of sentence, the oral pronouncement controls." (Resp. Ex. E at PageID #: 206-08 (citing *Zima v. Steele*, 301 S.W.3d 510, 514 (Mo. 2010)).) Petitioner did not appeal.

In 2012, Petitioner filed a motion for post-conviction relief under Missouri Rule of Criminal Procedure 29.15, raising two instances of ineffective assistance of trial counsel, alleging that counsel should have called certain witnesses and should have objected on cross-examination to questions about Petitioner's criminal history. (Resp. Ex. F at PageID #: 225-46.) The motion court denied relief and the Missouri Court of Appeals affirmed that denial, holding that the decision not to call the witnesses was strategically sound and that the questions were neither improper nor prejudicial. (Resp. Ex. I.)

Petitioner then filed this 28 U.S.C. § 2254 petition, advancing the same four arguments he raised in his direct appeal and post-conviction motion. (Doc. 1.) The government argues that Petitioner's first ground is procedurally defaulted, his second is moot, his third fails on the merits, and his fourth is non-cognizable. (Doc. 15.) Petitioner has filed a traverse in support of his first, third, and fourth grounds. (Doc. 23.)

## II.   Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"'A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).

A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court's factual findings are presumed to be correct, and a state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

**A. Jury Waiver**

Petitioner argues in his first habeas ground that he was deprived of his Sixth Amendment right to a jury trial. The Missouri Court of Appeals summarized the claim as follows:

> [Petitioner] asserts that his waiver of a jury trial was induced by "unsolicited statements from the trial court." These statements included one in which the trial court said that in about half of its bench trials, it had found the defendant not guilty, and another where it told [Petitioner] that if he waived his right to a jury trial, this would be a positive factor in a sentencing decision if the case reached that point.

(Resp. Ex. E at PageID #: 206 (alterations in original omitted).)

"[I]t is well-established law that a criminal defendant has a right to waive his constitutional right to a jury trial provided such waiver is voluntarily, knowingly and intelligently made." *Dranow v. United States*, 325 F.2d 481, 482 (8th Cir. 1963); Mo. S. Ct. R. 27.01.

The government asserts that this ground is defaulted because Petitioner did not preserve it at trial as required by Missouri rule. When a state court fails to reach the merits of a Petitioner's claim because the Petitioner failed to satisfy some procedural rule, federal courts are prohibited from considering the claim absent a showing of "manifest injustice." *Murray v. Carrier*, 477 U.S. 478, 493 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).

Petitioner concedes that he did not preserve this claim, but argues that the Missouri Court of Appeals' plain-error review was a decision on the merits sufficient to cure any default. (*See* Doc. 23 at PageID #: 407.) The Eighth Circuit has not decided whether a state court's plain-error review of an unpreserved claim precludes habeas review of that claim. *See Hornbuckle v. Groose*, 106 F.3d 253, 257 (8th Cir. 1997). For instance, in *Evans v. Luebbers*, 371 F.3d 438, 443 (8th Cir. 2004), the Eighth Circuit held that the habeas "claim was procedurally defaulted, notwithstanding the fact that the Missouri Court of Appeals reviewed the claim for plain error." But in *Thomas v. Bowersox*, 208 F.3d 699, 701 (8th Cir. 2000), the Eighth Circuit held that "state court review of a claim for plain error does not preclude later consideration of the same argument in a collateral proceeding in federal court." The Court concludes that it need not reach the

procedural-default issue, however, because the trial court's enforcement of Petitioner's waiver was not plain error.

Applying plain-error review, the Missouri Court of Appeals reviewed the record and concluded:

> [Petitioner], via his counsel, first inquired on the day that the jury trial was scheduled about a bench trial. The trial court made no promises, but rather indicated that it was not biased towards finding a defendant in a bench trial guilty or not guilty, stating that the verdict would depend on the evidence, and that it would consider the selection of a bench trial as a positive factor in sentencing, which it did. The trial court questioned [Petitioner] extensively, and the written waiver signed by [Petitioner] and his counsel reflects this.

(Resp. Ex. E at PageID #: 207-08.) Given the strong presumption of correctness afforded to the state court's factual findings, the Court agrees that the enforcement of Petitioner's waiver was not plain error.

The trial court discussed the matter thoroughly with Petitioner, making clear that it was bound to rule based only on the evidence presented at trial and then "questioned [Petitioner] extensively" to ensure he understood. Indeed, Petitioner executed a written waiver that states, "[Petitioner] questioned by the Court on the record regarding his waiver of jury." (Resp. Ex. B at PageID #: 127.) In addition, the jury waiver concept is not particularly complex or confusing: a defendant chooses whether he would like his case to be heard and decided by the judge or by a jury. In short, Petitioner failed to show that the Missouri Court of Appeals unreasonably applied law or fact in holding that the trial court's acceptance of his waiver was not plain error

### B. Sentencing Discrepancy

Petitioner apparently abandons his second habeas ground by omitting it from his traverse, but the Court notes that he is not entitled to habeas relief on this ground because the state court already reduced his sentence on direct appeal. (*See* Resp. Ex. E at PageID #: 208.)

### C. Ineffective Assistance of Trial Counsel

Finally, Petitioner advances two instances of ineffective assistance of trial counsel. To prove ineffective assistance, a habeas petitioner must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review is highly deferential; "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "The question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether [it] was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (alteration in original) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (1933)).

In his third ground, Petitioner faults his attorney for failing to call Eddie Lee Harper or Tamara S. Walker as a witness. (Doc. 1 at PageID #: 18.) In his post-conviction motion, Petitioner transcribed notes that Walker—acting as counsel's pre-trial investigator—took during her interview of Harper:

> [Harper] told me he didn't get robbed. He stated that he and some guys, including the [Petitioner], were shooting craps. First [Petitioner] was losing but then he started to win. He won all of the victim's money. The victim got mad and wanted his money back but [Petitioner] said no. According to [Harper], the victim got mad and said that if he couldn't eat (meaning "no money") nobody was going to eat. The victim then stated that [Petitioner] robbed him.

(Resp. Ex. G at PageID #: 269-70 (alterations in original omitted).) In light of those notes, Petitioner asserted that counsel's decision not to call Harper or Walker was objectively unreasonable.

The post-conviction court rejected relief in light of Petitioner's description of Harper's meeting with counsel:

> [W]hen trial counsel interviewed Mr. Harper at [Petitioner's] trial, Mr. Harper did not say what he had told Investigator Walker. Instead, he told counsel a gunman came up behind him, grabbed him, and put a gun to his head. Mr. Harper did not look at the person because the person told him not to. Therefore, Mr. Harper did not know what the person looked like.

(*Id*. at PageID #: 270.) Finding that "if Harper had testified in accordance with his statements made to trial counsel . . . his testimony would have been damaging to the defense," the motion court concluded that counsel's decision not to call Harper was strategically reasonable. (Resp. Ex. I at PageID #: 356.) In addition, the motion court determined that Harper was susceptible to impeachment and that, in any event, his testimony was unlikely to change the trial court's verdict. (*Id*. at PageID #: 356.) The Missouri Court of Appeals agreed. (*Id*. at PageID #: 356-57.)

The Court concludes that Petitioner is not entitled to relief on this ground. Harper's would-be testimony—that he had been held at gunpoint and had not seen the assailant—was unhelpful. Given that Harper had previously told the investigator a completely different version of events, counsel reasonably concluded that putting Harper on the stand would make him vulnerable to impeachment and would not sway the court. Counsel's strategic decision not to present Harper—or Walker—was therefore strategically reasonable. In fact, the "reasoned decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010).

Petitioner also faults his trial counsel for failing to object to the prosecution's cross-examination regarding Petitioner's criminal past. In his post-conviction motion, Petitioner argued that "the State questioned him beyond the permissible scope of cross-examination about being on probation when he was arrested on unrelated charges, implying that his probation had

been revoked, and . . . suggest[ing] that he would not be deterred from committing other crimes in the future." (Resp. Ex. I at PageID #: 357-58.) The motion court denied relief and the Missouri Court of Appeals affirmed, noting that trial courts have great latitude in determining the scope of cross-examination and that the prosecution has "an absolute right [under Missouri law] to impeach the defendant with prior convictions" when the defendant takes the stand. (*Id*. at PageID #: 358.) In addition, the Court of Appeals noted that, in a bench trial, the court is presumed not to be influenced by improper questioning. (*Id*.)

The United States argues that this ground is not cognizable on habeas review. (Doc. 15 at 9-10.) The Court agrees. The admissibility of testimony is a matter of state law, and the Supreme Court has long held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

In addition, the Court concludes that the Missouri Court of Appeals' rejection of this argument was not an unreasonable application of law or fact. As noted by the Court of Appeals, Missouri law grants the prosecution an absolute right to impeach a testifying defendant with his prior convictions. *Taylor v. State*, 173 S.W.3d 359, 366 (Mo. Ct. App. 2005). Likewise, Missouri courts are given wide latitude in determining the scope of cross-examination. *State v. Oates*, 12 S.W.3d 307, 313 (Mo. 2000). And finally, "[i]n bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions." *United States v. Litchfield*, 33 F. App'x 235, 236 (8th Cir. 2002) (quoting *Harris v. Rivera*, 454 U.S. 339, 346 (1981)). Thus, even if the questions were improper, Petitioner was not prejudiced by his counsel's failure to object.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rodney D. Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 25th day of September, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**